IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| AZIZ HILLOU, | ) | |
| | ) | |
| | ) | Civil Action File No.: |
| Plaintiff, | ) | 1:07-cv-2676-WSD |
| | ) | |
| v. | ) | |
| | ) | |
| IMMCO, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### DEFENDANT IMMCO, INC.'S BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS

COMES NOW IMMCO, INC. (hereinafter "IMMCO" or the "Company"), Defendant in the above-styled action, by and through its undersigned counsel, and hereby makes and files this Brief in Support of its Partial Motion to Dismiss, showing the Court as follows:

### Background and Procedural History

Plaintiff Aziz Hillou (hereinafter "Plaintiff") alleges he was formerly employed as a CAD Technician for IMMCO from approximately November 15, 2006 until his termination on or about February 27, 2007. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC") on July 17, 2007 claiming that he was terminated based on an alleged disability in violation of the Americans with Disabilities Act (hereinafter "ADA"). (See,

Exhibit A, Plaintiff's Charge of Discrimination.) Significantly, Plaintiff raised no claims in his EEOC Charge regarding failure to accommodate or perceived disability. Id.

Less than two weeks later, on July 30, 2007, Plaintiff received a Notice of Right to Sue from the EEOC. (Plaintiff's Complaint, ¶ 5.) On October 26, 2007, Plaintiff filed the instant lawsuit alleging violations of the ADA. Defendant was served on November 5, 2007.

### ARGUMENT AND CITATION OF AUTHORITY

Allegations of discrimination under the ADA can vary based on (a) the alleged discriminatory conduct; and (b) the "type" of disability at issue. Each variant claim presents a different set of facts and applicable law. For example, in terms of discriminatory conduct, an employee may allege that a specific action was taken or not taken based on the his disability (i.e., failure to hire, failure to promote, termination). See e.g., 42 U.S.C. § 12112(b)(1)-(4). Separately, a plaintiff may allege that he was not provided with a reasonable accommodation for his alleged disability. See 42 U.S.C. § 12112(b)(5). In particular, a failure to accommodate claim alleges that a plaintiff was not provided with reasonable assistance over the course of one or many days, that would have allowed him to

2

adequately complete his job functions.  See id.; see also 42 U.S.C. § 12111(9).

Moreover, a plaintiff may allege that he was discriminated against based on different "types" of disabilities: (a) he is actually disabled (as defined by the ADA); (b) he is not actually disabled, but perceived by the employer to be disabled; or (c) he is not actually disabled now, but has a record of being disabled. 42 U.S.C. § 12102(2).

In the instant matter, Plaintiff's EEOC Charge specifically enumerated one claim of discrimination: termination based on actual disability. Conversely, his Complaint alleges additional and different claims including failure to accommodate and termination based on perceived disability. Because Plaintiff failed to allege these additional claims in his EEOC Charge, Defendant is entitled to have these claims dismissed as a matter of law.

A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(1), a complaint can be dismissed if the court does not have subject matter jurisdiction over the matter. Fed. R. Civ. P. 12(b)(1).

Likewise, under Federal Rule of Civil Procedure 12(b)(6), a complaint can be dismissed if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P.

3

12(b)(6). Consistent with this rule, courts have reasoned that dismissal is justified where "no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept the factual allegations of the complaint as true and must draw all reasonable inferences in favor of the plaintiff. See id.[1]

  B. Plaintiff's Claims for Failure to Accommodate and those based on Perceived Disability Should be Dismissed with Prejudice because of Plaintiff's Failure to Exhaust Administrative Prerequisites

The ADA requires a plaintiff to exhaust all available administrative remedies by filing a Charge of Discrimination with the EEOC before filing a private lawsuit. See E.E.O.C. v. Joe's Stone Crabs, Inc., 296 F.3d 1265, 1271 (11th Cir. 2002).[2]

---

[1] A motion to dismiss permitted under Rule 12 postpones the requirement that a defendant serve an answer to plaintiff's specific allegations until ten (10) days after the court's denial of defendant's motion, if the court takes such action. Fed. R. Civ. P. 12(a)(4)(A). Even though a party's failure to comply with the ADA's mandatory conditions precedent is an affirmative defense, it may be raised by pre-answer motion under Rule 12(b) when the facts giving rise to the defense are clear from the face of the complaint. See Smith-Haynie v. District of Columbia, 155 F.3d 575, 578 (D.C. Cir. 1998).

[2] The Americans with Disabilities Act expressly adopts the powers, remedies, and procedures set forth in the enforcement provisions of Title VII. 42 U.S.C. § 12117(a).

"The starting point for determining the permissible scope of a judicial complaint is the administrative charge and investigation. The judicial complaint is limited to the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination." Williamson v. Int'l Paper Co., 85 F. Supp. 2d 1184, 1195 (S.D. Ala. 2000).

This Court, therefore, lacks subject matter jurisdiction over any claim under the ADA for which Plaintiff did not exhaust his administrative remedies. See id. The justification for this requirement is "that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts." Id. at 1196 (quoting Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 928 (11th Cir. 1983)).

    1.   <u>Plaintiff's claim for failure to accommodate is outside the scope of his EEOC Charge and should be dismissed</u>

As discussed in more detail above, a failure to accommodate claim differs from an illegal termination claim in both fact and legal analysis. See Thompson v. City of Seminole City Council, 2007 WL 2827579, *8, n.9 (M.D. Fla. Sept. 26, 2007) ("An ADA claim based on termination involves a theory of liability and

5

elements of proof that are separate and distinct from an ADA failure to accommodate claim.")

Plaintiff's Charge of Discrimination contains one specific allegation of discrimination concerning his termination alone. (Exhibit A.) Moreover, Plaintiff specified on the EEOC Charge Form that the date(s) the alleged discrimination took place was limited to February 27, 2007 – the date of his termination.[3] Id. In other words, Plaintiff's EEOC Charge alleges that Plaintiff was subject to one discrete act of discrimination – the termination of his employment – on one discrete day – February 27, 2007 – for one discrete reason – his alleged actual disability. Id. Significantly, the EEOC Charge is void of any facts or allegations regarding a failure to accommodate his alleged disability. Id.

Conversely, Plaintiff's Complaint contains allegations regarding Defendant's failure to provide Plaintiff with a reasonable accommodation, including requiring Plaintiff "to sit in front of a computer monitor for extended periods of time without accommodation." (Complaint, ¶ 14.) Likewise, Plaintiff alleges more generally that he was not granted a reasonable accommodation by his supervisor. (Id. at 15.) These

---

[3] The Charge states that the "earliest" and "latest" date that discrimination took place was February 27, 2007. Id.

6

allegations are different and distinct from Plaintiff's allegation of improper termination in his EEOC Charge.

The Middle District of Florida recently dismissed a plaintiff's failure to accommodate claim in a factually indistinguishable case. In Thompson v. City of Seminole City Council, a plaintiff sued his employer for, *inter alia*, (a) failure to accommodate; and (b) unlawful discharge under the ADA. 2007 WL 2827579, *8, n.9. In dismissing the plaintiff's reasonable accommodation claim, the court held that the plaintiff failed to exhaust the administrative prerequisites for his failure to accommodate claim because his EEOC Charge was limited to allegations concerning his termination. Id.

Likewise, here, Plaintiff's EEOC Charge was limited to allegations concerning his termination. (Exhibit A.) As such, because Plaintiff's EEOC Charge lacked any allegations regarding failure to accommodate, the claim should be dismissed for failure to exhaust administrative prerequisites. See id.; see also Mackenzie v. City and County of Denver, 414 F.3d 1266, 1274, n. 13 (10th Cir. 2005) (noting that a plaintiff failed to exhaust the administrative prerequisites for her failure to accommodate claim because her EEOC Charge was limited to allegations regarding retaliation and failure to promote).

7

### 2. Plaintiff's claims based on perceived disability are outside the scope of his EEOC Charge and should be dismissed

A plaintiff fails to exhaust his administrative prerequisites for claims based on perceived disability when his EEOC Charge is limited to allegations regarding actual disability. See Silva v. Chertoff, 2007 WL 1100444, *16 (W.D. TX. March 19, 2007) (dismissing a plaintiff's "regarded as disabled" claim for failure to initially raise it in his EEOC Charge).

Here, Plaintiff's Charge of Discrimination is void of any allegations regarding perceived disability. (Exhibit A.) In fact, Plaintiff's Charge specifically states that he believed he was terminated "based on [his] disability." Id. Therefore, because Plaintiff failed to make any allegations in his EEOC Charge related to perceived disability, those claims should be dismissed for failure to exhaust administrative prerequisites. See Silva, 2007 WL 1100444 at *16; see also Minix v. Jeld-Wen, Inc., 237 Fed. Appx. 578, 588 (11th Cir. 2007) ("When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge.")

8

**Conclusion**

The Eleventh Circuit has repeatedly held that "allegations of new acts of discrimination" that are made for the first time in a judicial complaint are inappropriate and should be dismissed for failure to exhaust administrative prerequisites. See e.g., Thompson, 2007 WL 2827579 at *8, n. 9; Gregory v. Ga. Dep't of Human Resources, 255 F.3d 1277, 1279 (11th Cir. 2004). Here, Plaintiff's allegations regarding failure to accommodate and perceived disability are being raised for the first time in his judicial complaint, and thus, should be dismissed for failure to exhaust administrative prerequisites.

This 21st of November, 2007.

Respectfully submitted,

SMITH, GAMBRELL & RUSSELL, LLP

Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309-3592
Telephone: (404) 815-3500
Facsimile: (404) 815-3509
mclarke@sgrlaw.com
epayne@sgrlaw.com

/s/ Matthew W. Clarke
Matthew W. Clarke
Georgia Bar No. 127430
Erin L. Payne
Georgia Bar No. 159004

Attorneys for Defendant
IMMCO, Inc.

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>410-2007-05263 |
|---|---|---|

and EEOC
_____
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.)<br>Mr. Aziz Hillou | Home Phone (Incl. Area Code)<br>(404) 388-9875 | Date of Birth<br>05-22-1967 |
|---|---|---|

Street Address: P.O. Box 1461, Lawrenceville, GA 30046

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name<br>IMMCO, INC. | No. Employees, Members<br>15 - 100 | Phone No. (Include Area Code)<br>(678) 762-9707 |
|---|---|---|

Street Address: 12395 Moris Rd., Alpharetta, GA 30005

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|

Street Address:

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 02-27-2007    Latest: 02-27-2007
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I worked as a CAD Technician for the employer from November 15, 2006 until February 27, 2007. In February 2007, I was involved in an auto accident and had to take time off from work for doctor's appointments. On February 27, 2007, I was discharged.

I was informed that I was discharged for taking too much time off for medical appointments.

I believe that I was discriminated against based on my disability in violation of Title I of the Americans with Disabilities Act of 1990, as amended.

RECEIVED
JUL 17 2007
EEOC-ATDO

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jul 17, 2007
Date — Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)


EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| AZIZ HILLOU,<br><br>    Plaintiff,<br><br>v.<br><br>IMMCO, INC.,<br><br>    Defendant. | Civil Action File No.:<br>1:07-cv-2676 |

### CERTIFICATE OF SERVICE

    I, Matthew W. Clarke, counsel for IMMCO, Inc., do hereby certify that I have filed the foregoing **DEFENDANT IMMCO, INC.'S BRIEF IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS** electronically with the Clerk of Court using the CM/ECF system, which will send an electronic copy of the following to Plaintiff's attorney of record:

Jeffrey S. Williams
The Law Offices of Jeffrey S. Williams, LLC
3780 Mansell Road
Suite 450
Alpharetta, Georgia 30022

    This <u>21st</u> day of November, 2007.

SMITH, GAMBRELL & RUSSELL, LLP

/s/ Matthew W. Clarke
Matthew W. Clarke
Georgia Bar No. 127430
Erin L. Payne
Georgia Bar No. 159004

Attorneys for Defendant
IMMCO, Inc.

Suite 3100, Promenade II
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309-3592
Telephone: (404) 815-3500
Facsimile: (404) 815-3509
mclarke@sgrlaw.com
epayne@sgrlaw.com